IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAYRA CARRERA, )
)
            Plaintiff, )
)
v. ) No. 09-1180-WEB-KMH
)
TYSON FRESH MEATS, INC., )
)
            Defendant. )
)

### **Memorandum and Order**

Plaintiff Mayra Carrera filed this action on March 11, 2009, in the District Court of Finney County, Kansas. The petition alleges that defendant Tyson violated plaintiff's rights under Title VII of the Civil Rights Act of 1964 by subjecting her to a hostile work environment because of her gender and by ignoring her complaints of sexual harassment. Defendant was served with the complaint on May 26, 2009, and removed the action to federal court on June 11, 2009. Doc. 1.

The case progressed through discovery and a Pretrial Order was signed and filed by the court on February 1, 2010. Under "theories of recovery" listed in the Pretrial Order, plaintiff included "Title VII Sexual Harassment" and "Retaliation." Defendant objects to inclusion of the latter theory on the grounds that it was not asserted in the complaint. The Pretrial Order noted that plaintiff "will file a motion to amend the pretrial order on this issue by February 5, 2010." Doc. 22 at 6.

Plaintiff has now filed a motion to amend the Pretrial Order to permit her to assert a retaliation claim. Plaintiff argues that a retaliation claim was included in the complaint, albeit

generally, by virtue of allegations that her complaints of sexual harassment "went largely ignored by Tyson" and as a result thereof she suffered harm. Plaintiff argues that under the standards of Fed.R.Civ.P. 15(a), leave to amend the complaint should be freely given, and she further argues that defendant would suffer no prejudice because the amendment "merely states an alternate theory of recovery based on the same facts...." Doc. 23 at 3-4.

Rule 16(e) of the Federal Rules of Civil Procedure provides in part that the Pretrial Order shall be modified "only to prevent manifest injustice." Even under a lesser standard, however, plaintiff has not shown grounds for the requested amendment. The complaint did not give defendant fair notice of any retaliation claim, and the addition of such a claim at this point would likely require the re-opening of discovery and the incurrence of additional costs. The record discloses no reason why such a claim was not asserted within the time limits of the prior scheduling orders. Moreover, the amendment appears to be legally futile. The parties have stipulated that after plaintiff complained to defendant's Human Resource manager that four co-workers were making "sexual movements" around her, the Manager immediately spoke to the individuals, and they never made such movements again. After that, however, plaintiff was uncomfortable because she felt co-workers and USDA inspectors were not speaking to her and were "keeping their distance." Doc. 22 at 3. These allegations do not rise to the level of materially adverse actions necessary to support a retaliation claim. *See e.g., Johnson v. Weld County, Colo.*, ___F.3d___, 2010 WL 430914 (10th Cir., Feb. 8, 2010) (allegations following complaints that co-workers gave plaintiff the "cold shoulder," sat farther away from her, and generally tried to avoid her are insufficient to support a claim for retaliation). *See also Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, (2006) (petty slights and

"snubbing" by supervisors and co-workers is not actionable).

*Conclusion*.

Plaintiff's Motion to Amend the Pretrial Order (Doc. 23) is DENIED. Defendant's objection to the inclusion of a retaliation theory in the Pretrial Order is sustained. Plaintiff's theory of recovery will be limited to her Title VII sexual harassment claim. IT IS SO ORDERED this 1st Day of March, 2010, at Wichita, Ks.

s/Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge